**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Marion Brett Funderburk, | ) | Civil Action No. 2:23-cv-01857-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Antwan Richardson, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| Marion Brett Funderburk, | ) | Civil Action No. 2:23-cv-05268-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Town of Moncks Corner and | ) | |
| Antwan Richardson, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the Motion to Consolidate brought by Defendants Town of Moncks Corner and Antwan Richardson ("Defendants"), which seeks to consolidate Civil Action Numbers 2:23-cv-01857-BHH-MGB and 2:23-cv-05268-BHH-MGB.[1] For the reasons set forth herein, the Motion to Consolidate is granted.

## BACKGROUND

Both cases involve 42 U.S.C. § 1983 causes of action which allege damages arising from an altercation between Plaintiff Marion Brett Funderburk ("Plaintiff") and Defendant Antwan Richardson ("Richardson") occurring on September 19, 2020. In both cases, Plaintiff alleges that

---

[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(f), D.S.C., all pretrial proceedings in civil rights cases arising out of criminal processes not covered by Local Rule 73.02(B)(2)(d), D.S.C., are referred to a United States Magistrate Judge for consideration.

1

Richardson was acting within the scope of his employment as an Officer for the Moncks Corner Police Department and Defendant Town of Moncks Corner (the "Town") during the incident at issue.

On May 3, 2023, Plaintiff filed a complaint in Case No. 2:23-cv-01857-BHH-MGB ("Case 1") alleging a § 1983 claim against Richardson for deprivation of his civil rights. On October 20, 2023, Defendants Richardson and the Town removed to federal court a state court action that Plaintiff brought against them, resulting in Case No. 2:23-cv-05268-BHH-MGB ("Case 2").[2] The complaint in Case 2 alleges state tort claims against the Town for negligence; negligent entrustment; and negligent hiring, supervision, and retention; and against Richardson for assault and battery, as well as the same § 1983 claim against Richardson alleged in Case 1. Counsel in both cases are identical.

On October 23, 2023, Defendants filed an identical Motion to Consolidate in both cases. Plaintiff has not filed any opposition to the Motion, and the Court considers the Motion unopposed.

## **DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate actions if they involve a "common question of law or fact." Fed. R. Civ. P. 42(a). "[A] motion to consolidate must meet the threshold requirement of involving a common question of law or fact . . . then whether to grant the motion becomes an issue of judicial discretion." *Pariseau v. Anodyne Healthcare Mgmt., Inc.*, No. 3:04–cv–630, 2006 WL 325379, at *2 (W.D.N.C. Feb. 9, 2006). Indeed, "courts have broad discretion" to consolidate cases under Rule 42(a). *A/S J. Ludwig*

---

[2] This removal came after the Court denied Richardson's Motion to Stay in Case 1, in which he asked for a stay pending resolution of the state court action. Case No. 2:23-cv-01857-BHH-MGB, Dkt. No. 14. When denying the Motion to Stay, the Court recognized that the state court action would likely be removed and found that piecemeal litigation would not become an issue because Plaintiff's claims would be handled together in federal court. *Id.*, Dkt. No. 18.

*Mowinckles Rederi v. Tide water Constr. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). When determining the appropriateness of consolidation, the Fourth Circuit has directed that a court consider the following factors:

> [T]he risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc*., 681 F.2d 186, 193 (4th Cir. 1982).

These factors can be broken down into two categories: those that favor consolidation, including risk of inconsistent adjudications, burden on the parties, judicial economy, and time and expense saved by consolidation; and those factors that weigh against consolidation, including prejudice, jury confusion, and time and expense created by consolidation. *See Pariseau*, 2006 WL 325379, at *2. Although a court must consider all of these factors, "judicial economy generally favors consolidation." *Switzenbaum v. Orbital Science Corp*., 187 F.R.D. 246, 248 (E.D. Va. 1999).

Upon careful review, the Court finds consolidation is appropriate. The cases involve common questions of law and fact. Further, both cases are at similar stages in the litigation process. While a Motion for Sanctions has been filed only in Case 2, it involves the same counsel as Case 1. Consolidation here will promote judicial economy and efficiency without burden or prejudice to any party. Absent consolidation, Richardson faces the risk of inconsistent determinations regarding the legal theories of the claims asserted against him. Accordingly, in the interest of judicial economy and pursuant to Rule 42(a), the Court consolidates both civil actions for all purposes. *See Coyne & Delaney Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996) (holding that

"substantial overlap" between two related cases required consolidation in "the interests of justice.").

Because the Town and Richardson are both named Defendants in Case No. 2:23-cv-05268-BHH-MGB, the Court designates Case No. 2:23-cv-05268-BHH-MGB as the lead case. All future filings for Civil Action Numbers 2:23-cv-01857-BHH-MGB and 2:23-cv-05268-BHH-MGB shall be made in the lead case. Additionally, the Scheduling Order in the lead case is controlling for both actions.

**<u>CONCLUSION</u>**

For the reasons set forth above, the Court **GRANTS** the Motion to Consolidate (Dkt. No. 24 in Case No. 2:23-cv-01857-BHH-MGB and Dkt. No. 4 in Case No. 2:23-cv-05268-BHH-MGB).

**IT IS SO ORDERED**.


November 14, 2023
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE